UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EMILIO BONILLA, JR.,

          Plaintiff,

    -against-

JOHN E. POTTER, Postmaster General,

          Defendant.
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM and ORDER**

04 Civ. 3205 (GEL)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/06

    Emilio Bonilla, Jr. ("Bonilla"), a former employee of the United States Postal Service, commenced this action pro se, pursuant to the Americans with Disabilities Act of 1990,[1] 42 U.S.C. § 12101, et seq. In his complaint, Bonilla alleges that while he was employed with the United States Postal Service, he "suffered from the following disabilities: major depressive disorder, depression, Menieres Disease, vertigo, tinnitus, and herniated discs." Bonilla contends that he requested "reasonable accommodations in the form of light duty and/or being allowed [] extra time to report to work." According to Bonilla, two of his former supervisors and one of his former managers discriminated against him "on the basis of his disabilities by creating a hostile work environment, refusing to accommodate his disabilities, and terminating his employment."

    A review of Bonilla's complaint and the material attached to it shows that he was assigned "light duty" work by the United States Postal Service. In addition, the attachments to

---

[1] The Americans with Disabilities Act of 1990 is not applicable to actions brought against the United States government or any of its agencies or officials. Therefore, construing Bonilla's pleadings liberally, as the Court is obligated to do, since he is proceeding pro se, see Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972); LaBounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991), and interpreting those pleadings in a way that will "raise the strongest arguments they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court views Bonilla's claim as one made pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.

the complaint demonstrate that Bonilla had a poor attendance record and that his poor record of attendance pre-dated the point at which Bonilla contends his disabling conditions emerged and extended beyond that point. It appears, from the attachments to Bonilla's complaint, that his employment with the United States Postal Service was terminated because of his poor attendance record.

By written application received by the Court on March 23, 2006, Bonilla requested that counsel be appointed to assist him in prosecuting this action. His application for appointment of counsel is addressed below.

Unlike criminal defendants, indigents filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed in forma pauperis, which was granted on April 23, 2004. As a consequence, he is within the class to whom 28 U.S.C. § 1915(e)(1) speaks.

"In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the court "from the face of the pleading," Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claim(s) asserted by the plaintiff "may have merit," Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or that the "plaintiff appears to have some chance of success . . . ." Hodge, 802 F.2d at 60-61.

Where a plaintiff satisfies the threshold requirement of demonstrating that the plaintiff's position is likely to be of substance, the court should then consider: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; 3) the indigent's ability to

present the case; 4) the complexity of the legal issues; and 5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. See Hodge, 802 F.2d at 61-62.

In the case at bar, the plaintiff has submitted a lengthy complaint. Attached to the complaint are, inter alia, medical and employment records that make the merit of Bonilla's discrimination claim suspect. However, from the face of the complaint solely, the Court could not conclude that Bonilla's claim lacks any substance. Therefore, the Court determined to consider the Hodge factors noted above.

Having considered those factors, the Court finds that Bonilla should have no problem investigating the facts pertinent to this action. In fact, many of the documents attached to Bonilla's complaint will undoubtedly be used by him as exhibits at the trial of the instant action to support the factual allegations he has made. Therefore, Bonilla will not need the assistance of counsel to undertake any investigation to uncover these documents or relevant facts. In addition, the attachments to the plaintiff's complaint contain information concerning Bonilla's former employer's investigation into and resolution of a similar charge of discrimination that Bonilla presented to the United States Postal Service Equal Employment Opportunity Compliance and Appeals Office. That information, too, will obviate the need for Bonilla to have counsel expend resources investigating the relevant facts.

As noted above, the plaintiff's complaint is a lengthy and comprehensive document. This demonstrates to the Court that the plaintiff is adept at presenting the facts and circumstances that he believes are pertinent to his discrimination claim. While the Court is mindful that conflicting evidence may be presented at the trial that will implicate the need for cross-examination, nothing in the record before the Court suggests that Bonilla will be unable to frame questions, based on the extensive material that comprises his complaint, in order to elicit information from witnesses

germane to the allegations that he has made in this action. Moreover, Bonilla's detailed and comprehensive complaint persuades the Court that he has a full understanding of the legal issues with which he will be confronted as the litigation moves forward.

In the circumstance of the case at bar, having considered the various factors outlined in Hodge, supra, the Court finds that granting the plaintiff's application for appointment of counsel is not warranted. Therefore, the application is denied.

Dated: New York, New York
April 17, 2006

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Emilio Bonilla, Jr.
Melanie R. Hallums, Esq.