```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
EMILIO BONILLA, JR.,                                  :
                                                      :
                    Plaintiff,                        :
                                                      :   04 Civ. 3205 (GEL) (KNF)
      -against-                                       :
                                                      :   OPINION AND ORDER
JOHN E. POTTER, Postmaster General,                   :
                                                      :
                    Defendant.                        :
                                                      :
------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

Plaintiff Emilio Bonilla, Jr. brings this action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq. (the "Rehabilitation Act"), alleging that he was unlawfully discriminated against on the basis of disability by his employer, the United States Postal Service (the "Postal Service"). Defendant John E. Potter, the Postmaster General of the United States, moves for summary judgment. The motion will be granted.

## BACKGROUND

Plaintiff worked as a mail processing clerk for the Postal Service at various locations in the New York City area from October of 1988 until June of 2002. During that time, he was the subject of nine disciplinary actions, all of them stemming from attendance problems. On June 28, 2002, plaintiff was terminated from his employment at the Postal Service.

During his employment, plaintiff suffered from a variety of medical and psychological conditions, including depression, back and abdominal problems, gall bladder disease, and Meniere's Disease, an inner ear disorder that causes vertigo, dizziness, and tinnitus (a ringing or buzzing in the ears). On October 11, 2002, plaintiff filed a discrimination complaint with the

Postal Service's Equal Opportunity Compliance and Appeals Office, alleging discrimination on the basis of disability, and in particular that the Postal Service had failed to reasonably accommodate his conditions and had terminated him because of them. (Bacon Dec. Ex. I at 4.) On January 14, 2004, the Postal Service issued a final decision concluding that plaintiff had failed to make out a prima facie case of disability discrimination because, inter alia, he was not "disabled" under the relevant law. (Bacon Dec. Ex. A.)

On April 27, 2004, plaintiff filed the complaint that initiated the present federal action. On April 14, 2006, defendant moved for summary judgment. Plaintiff submitted his reply on August 21, 2006.[1]

## DISCUSSION

### I.   Summary Judgment Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court may only determine if there is a genuine issue to be tried, and is not to resolve disputed issues of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must draw all reasonable inferences and resolve all ambiguities in the nonmoving party's favor, and construe the facts in the light most favorable to the nonmoving party. Id. at 254-255.

---

[1] Plaintiff's request for the production of additional records (P. Mem. 1) is denied, as discovery in this case was closed on October 31, 2005.

The party seeking summary judgment bears the burden of showing that no genuine factual dispute exists. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). Once the moving party has made a showing that there are no genuine issues of material fact, the burden shifts to the nonmoving party to raise triable issues of fact. Anderson, 477 U.S. at 250. Mere conclusory allegations will not suffice. Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985). A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the nonmoving party. Anderson, 477 U.S. at 248. Pro se pleadings are held to a "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

## II.  Rehabilitation Act Standards

Plaintiff contends that he was unlawfully terminated on the basis of his disability, that his employer failed to make reasonable accommodations of that disability, that he faced unequal terms and conditions of employment, and that he was retaliated against for complaining about this treatment. (Compl. ¶ 4.) Although plaintiff's pro se complaint invokes the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12112-12117, a federal employee's "sole claim for discrimination on the basis of disability is under the Rehabilitation Act." Rivera v. Heyman, 157 F.3d 101, 103 (2d Cir. 1998). "The regulatory schemes of the ADA and Rehabilitation Act are similar . . . The terms common to both regulatory schemes are to be interpreted in the same way." Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir. 1997). Accordingly, plaintiff's complaint will be construed as raising a claim under the Rehabilitation Act.

The Rehabilitation Act, like the ADA, prohibits an employer from discriminating against an otherwise qualified employee because of a disability. See 29 U.S.C. § 794(a) (Rehabilitation

Act); 42 U.S.C. § 12112(a) (ADA).  Section 504(a) of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).

In order to state a claim under either statute, a plaintiff must first be able to establish a prima facie case.  Stone, 118 F.3d at 96.  If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the employer to demonstrate that the employment action taken was for a neutral reason, and was not discriminatory.  See Heilweil v. Mount Sinai Hospital, 32 F.3d 718, 722 (2d Cir. 1996).  If the employer is able to articulate a non-discriminatory reason for the employment action, the burden shifts back to the plaintiff to show that alleged non-discriminatory reason was pretextual, and that the action was in fact taken because of the disability.  Id., citing Doe v. New York Univ., 666 F.2d 761, 776 (2d Cir. 1981).

### III.  Plaintiff Cannot Make Out a Prima Facie Case Because His Impairments Did Not Substantially Limit a Major Life Activity

In order to make out a prima facie case for discriminatory treatment under the Rehabilitation Act, a federal employee bears the burden of demonstrating that: "1) he was an 'individual who has a disability' within the meaning of the statute; 2) the employer had notice of his disability; 3) he could perform the essential functions of the job with reasonable accommodation; and 4) the employer refused to make such accommodation."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 332 (2d Cir. 2000), citing Stone, 118 F.3d at 96-97; see Robarge v. Potter, No. 01 Civ. 0417, 2002 WL 32061800, at *6 (E.D.N.Y. Mar. 14, 2002).

Because the definitions of disability under the Rehabilitation Act and the ADA are "almost identical . . . cases that interpret the definition of a disabled person under the ADA are

4

instructive." Garvin v. Potter, 367 F. Supp. 2d 548, 561 (S.D.N.Y. 2005). To establish that he has a disability under either statute, the plaintiff must show (1) the presence of a mental or physical impairment, (2) that the impairment affects a "major life activity," and (3) that the impairment "substantially limits" this major life activity. Id., citing Toyota Motor Mfg. v. Williams, 534 U.S. 184, 194-95 (2002).

Courts in this Circuit have interpreted "substantial limitation" to mean that the plaintiff is "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the condition, manner, or duration under which an [he or she] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." See Colwell v. Suffolk County Police Dept., 158 F.3d 635, 643 (2d Cir. 1998), citing 29 C.F.R. § 1630.2(j)(1). Whether a physical impairment substantially limits a major life activity is an "individualized and fact-specific" inquiry. Id.

In this case, plaintiff alleges that he suffered from a variety of conditions: depression and attention deficit disorder; lower back and abdominal problems, including a herniated disk in the lower back and an inguinal hernia; and Meniere's Disease. Plaintiff's memorandum of law opposing summary judgment also alleges that he began suffering from "allergies" in 1994. (P. Mem. 1-2.) In his deposition, he also mentioned gallbladder disease (Bonilla Dep., Hallums Dec. Ex. B ("Bonilla Dep."), at 69) and high blood pressure. (Id. at 75.)

"Depression is considered a physical or mental impairment under the ADA" and under the Rehabilitation Act. Dean v. Westchester County P.R.C., 309 F. Supp. 2d 587, 593 (S.D.N.Y. 2004). Even assuming arguendo that plaintiff's other conditions are also impairments, however,

plaintiff has failed to introduce evidence from which a reasonable factfinder could conclude that any of his conditions — or all of his conditions together — substantially limit a major life activity.

Plaintiff does not specify what major life activity he believes has been impaired by his conditions. However, the Second Circuit has held that where a plaintiff does not "allege specifically which major life activities were affected by her impairment," but where "the pleadings indicate concern over her ability to work," it is proper to conclude that working was the relevant activity. Wernick v. Fed. Reserve Bank of New York, 91 F.3d 379, 383 (2d Cir. 1996). The relevant regulations explain what it means for an impairment to substantially limit one's ability to work:

> With respect to the major life activity of working[,] . . . [t]he term "substantially limits" means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. § 1630.2(j)(3)(I). Thus, a plaintiff need show more than restrictions on the specific job at which he worked; he must show restrictions on the ability to perform a class of jobs. Bonilla has submitted no evidence that would support such a showing; in fact, the record does not even suggest that Bonilla's ability to perform his particular job was significantly restricted.

Bonilla testified that most of his conditions had no effect on his work. He testified that he did not tell anyone at the Postal Service about the gallbladder disease, because it did not trouble him on the job. (Bonilla Dep. at 71, 76.) His high blood pressure was not discovered until after he left the Postal Service. (Id. at 75.) He testified that the inguinal hernia did not

affect his work at the Postal Service. (Id. at 76.) Nor did the attention deficit disorder ("I never thought much about it"). (Id. at 76.) When asked if depression affected his work, plaintiff replied, "I don't know if it ever did. I was working. I was entertained. I was distracted, so I wouldn't have a lot of time to think about things." (Id. at 76.) The record contains no further mention of the allergies mentioned in plaintiff's summary judgment memorandum.

The herniated disk in plaintiff's lower back apparently did affect his work to some extent, but he testified that he was "most times" able to do the required work. (Id. at 76.) "I was able to do most of everything. I mean, there would be times when I would have trouble getting up. I would be sore, stiff. Sometimes I would sneeze and my back would go out. In the car I would drive over a pothole and my back would go out." (Id. at 94.)

This is insufficient to constitute a disability. In a case involving a police officer, the Second Circuit has held that a condition causing difficulty standing, sitting for prolonged periods, or lifting heavy objects does not constitute a disability, because "that there is no support for the idea that [such] impairments would be significantly limiting to 'the average person in the general population' as opposed to someone expected to perform the prolonged, repetitive, and rigorous demands of a police officer." Colwell, 158 F.3d at 644, quoting 29 C.F.R. § 1630.2(j)(1). Thus, plaintiff's back problems do not rise to the level of a disability.

As for the Meniere's Disease, plaintiff testified that the noise and lights of his workplace "would irritate and aggravate the whole noise in my head and everything else." (Id. at 77.) Although his condition apparently made his work uncomfortable, he did not testify that he was unable to do his job for even a short period. (See id. at 98.) Discomfort, while unfortunate, is not the same as disability.

Overall, plaintiff testified that his conditions — "a mixture of everything" — made him less productive. (Id. at 82.) His own testimony makes clear, however, that his conditions never "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(I). Thus, plaintiff has not produce evidence from which a reasonable factfinder could conclude that his impairments substantially limited a major life activity, and has therefore failed to make out a prima facie case under the Rehabilitation Act.

Because plaintiff has failed to make out the disability prong of the prima facie case, it is unnecessary to address defendant's arguments that he also fails to make out other elements of the prima facie case (D. Mem. 15-21) and that there was a legitimate, nondiscriminatory reason for plaintiff's termination (D. Mem. 21-23).

**IV.     Plaintiff's Retaliation Claim Was Not Exhausted**

Plaintiff alleges that he was retaliated against on the basis of protected activity. Before suing the federal government for employment discrimination under the Rehabilitation Act, however, a plaintiff "must exhaust certain administrative remedies." Bruce v. U.S. Dep't of Justice, 314 F.3d 71, 74 (2d Cir. 2002). Plaintiff has submitted no evidence indicating that he at any point sought any administrative remedy for the alleged retaliation; as far as the record shows, this claim is made in his federal complaint for the first time. (See Bacon Dec. Exs. A, B, I, J, Q, R, S, T (filings and decisions relating to administrative complaints)). Therefore, summary judgment must be granted for defendant on the retaliation claim. See Blitzer v. Potter, No. 03 Civ. 6124, 2005 WL 1107064, at *14 (S.D.N.Y. May 6, 2005).

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (Doc. # 21) is granted.

SO ORDERED.

Dated: New York, New York
       January 17, 2007

                                                    _____
                                                    GERARD E. LYNCH
                                                    United States District Judge